IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA ABEITA,

      Plaintiff,

vs.                                                                                    Civ. No. 10-26 JP/RHS

LEONARD ARMIJO
of the BERNALILLO COUNTY SHERIFF'S OFFICE
and BERNALILLO COUNTY,

      Defendants.

MEMORANDUM OPINION AND ORDER

On December 15, 2010, Defendants filed Defendants Leonard Armijo's, and Bernalillo

County's Motion for Summary Judgment (Doc. No. 35) (Motion for Summary Judgment).

Having reviewed the briefs and relevant law, the Court concludes that partial summary judgment

should be granted in favor of Defendant Leonard Armijo as to Count I of the Complaint to

Recover Damages Due to Deprivation of Civil Rights and Violations of the New Mexico Tort

Claims Act (Doc. No. 1-1) (Complaint) and that the remainder of the case should be remanded to

state court.[1]

*A.  The Complaint*

This is an unlawful arrest and false imprisonment lawsuit consisting of two Counts.  In

Count I, Plaintiff is suing Defendant Bernalillo County Deputy Sheriff Leonard R. Armijo under

42 U.S.C. §1983 for unlawfully arresting her in violation of the Fourth Amendment's prohibition

against unreasonable seizures.  In Count II, Plaintiff is suing Defendant Armijo under the New

---

[1]This case was removed to federal court from the Second Judicial District Court, County
of Bernalillo, State of New Mexico.  *See* Notice of Removal of Action by Defendants Leonard
Armijo, Bernalillo County Sheriff's Office and County of Bernalillo Pursuant to 28 U.S.C.
Sections 1331, 1441, 1443 and 1446 (Doc. No. 1), filed Jan. 11, 2010.

Mexico Tort Claims Act (NMTCA) for false imprisonment, and is suing Defendant Bernalillo

County (County) under the NMTCA for *respondeat superior* liability.  Defendant Armijo moves

for summary judgment on Count I arguing that he is entitled to qualified immunity.[2]  Defendants

also contend that Count II is subject to summary judgment.

*B. General Undisputed Facts*[3]

On March 11, 2009, at about 6:00 p.m., Defendant Armijo observed a speeding

westbound vehicle on Rio Bravo Road SW in Bernalillo County.  Defendant Armijo activated

his emergency lights and pulled the vehicle over.  As the vehicle braked, Defendant Armijo

observed that a brake light was not operative.  The vehicle was driven by Neil Sherer, Plaintiff's

husband, who was the sole occupant of the vehicle.  Defendant Armijo parked behind Sherer's

vehicle.  Defendant Armijo asked Sherer for his driver's license, current proof of insurance, and

current vehicle registration, all of which Sherer provided.  Sherer remained in his vehicle during

the entire traffic stop.

Plaintiff, who had been driving another vehicle behind Sherer, saw Defendant Armijo

pull over her husband.[4]  She stopped her vehicle 100 yards in front of Sherer's vehicle.  Plaintiff

then exited her vehicle and approached Defendant Armijo stating that she had an insurance card.

Her hands, however, were empty.  Defendant Armijo instructed Plaintiff to leave the area at least

---

[2]Defendants further argue that any §1983 claim against the County fails because the undisputed evidence shows that Defendant Armijo did not violate Plaintiff's Fourth Amendment rights.  Counts I and II, however, do not raise a §1983 claim against the County.

[3]Although the parties dispute certain specific factual details, the following undisputed facts generally describe the factual context of this lawsuit.

[4]Plaintiff had a high school student in her vehicle.  The student stayed in Plaintiff's vehicle during the entire incident.

once.  Plaintiff did not leave the area and Defendant Armijo called for backup support. Before

the backup support arrived, Defendant Armijo arrested Plaintiff for violating NMSA 1978, §30-

22-1 (1963) (resisting, evading or obstructing an officer). After securing Plaintiff, Defendant

Armijo issued two traffic citations to Sherer and released him from the scene.

Sherer did not contest the traffic citations.  In addition, although Defendant Armijo

intended to prosecute the case against Plaintiff, the charge against Plaintiff was eventually

dismissed.  A scheduling error by the Bernalillo Sheriff's Office prevented Defendant Armijo

from attending court to prosecute the case against Plaintiff.

*C.  Standard of Review*

Summary judgment is appropriate if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary

judgment motions involving a qualified immunity defense are determined somewhat differently

than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995).

"When a defendant raises the qualified immunity defense on summary judgment, the burden

shifts to the plaintiff to meet a strict two-part test."  *Nelson v. McMullen*, 207 F.3d 1202, 1206

(10th Cir. 2000).  This is a heavy burden for the plaintiff.  *Medina v. Cram*, 252 F.3d 1124, 1128

(10th Cir. 2001) (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)).  First, the

plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right.

Second, the plaintiff must show that the "right was clearly established such that a reasonable

person in the defendant's position would have known that his conduct violated that right."

*Maestas v. Lujan*, 351 F.3d 1001, 1007 (10th Cir. 2003).  The Court may in its discretion decide

which part of the qualified immunity test to address first.  *Pearson v. Callahan*, 555 U.S. 223,

129 S.Ct. 808, 818 (2009).

To resolve the first part of the qualified immunity test, the Court must decide if the

alleged facts, when viewed "in the light most favorable to the party asserting the injury, ... show

the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001)

(citation omitted). "In determining whether the right was 'clearly established,' the court assesses

the objective legal reasonableness of the action at the time of the alleged violation and asks

whether 'the right [was] sufficiently clear that a reasonable officer would understand that what

he is doing violates that right.'" *Cram*, 252 F.3d at 1128 (quoting *Wilson v. Layne*, 526 U.S.

603, 615 (1999)). Moreover, "in order for the law to be clearly established, there must be a

Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority

from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and*

*County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). The plaintiff, however, "is not

required to show that the very conduct in question has previously been held unlawful." *Sh. A. ex*

*rel. J. A. v. Tucumcari Mun. Schools*, 321 F.3d 1285, 1287 (10th Cir. 2003). The plaintiff is

> required to demonstrate the unlawfulness was "apparent" in light of established law.
> Generally, this requires that the plaintiff demonstrate a "substantial correspondence
> between the conduct in question and prior law allegedly establishing that the defendant's
> actions were clearly prohibited."

*Id.* (quoting *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255-56 (10th Cir. 1998)).

The Court will grant qualified immunity if the plaintiff fails to meet either part of the

qualified immunity test. *Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir. 2003) (internal

quotation marks omitted). Only if the plaintiff establishes both parts of the qualified immunity

test does the defendant bear the traditional summary judgment burden of showing "that no

material facts remain in dispute that would defeat her or his claim of qualified immunity."

*Powell v. Mikulecky*, 891 F.2d 1454, 1457 (10th Cir. 1989). When applying this standard, the

Court examines the factual record and reasonable inferences therefrom in the light most

favorable to the plaintiff. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238,

1241 (10th Cir. 1990).  If the defendant satisfies this traditional summary judgment burden, then

the burden shifts to the plaintiff to come forward with evidence showing that there is a genuine

issue of material fact. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.

1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the

plaintiff. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The plaintiff

may not avoid summary judgment by resting upon the mere allegations or denials of his or her

pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

### D.  Discussion

#### 1.  Count I: §1983 Fourth Amendment Unlawful Arrest Claim

Defendant Armijo argues that summary judgment should be granted in his favor as to

Count I because he is entitled to qualified immunity on the Fourth Amendment wrongful arrest

claim.  To defeat the qualified immunity defense, Plaintiff has the heavy burden of showing both

that Defendant Armijo unlawfully arrested her in violation of her Fourth Amendment right to be

free from an unreasonable seizure, and that this right was clearly established such that a

reasonable person in Defendant Armijo's position would have known that his conduct violated

that right.

In responding to the qualified immunity defense, Plaintiff only argues that she meets the

first part of the qualified immunity test.  Plaintiff specifically asserts that Defendant Armijo did

not have probable cause to arrest her under §30-22-1 and that, accordingly, Defendant Armijo

violated the Fourth Amendment.  Oddly, Plaintiff is silent on whether she meets the second part

of the qualified immunity test.  In other words, Plaintiff fails to discuss the objective legal

reasonableness of her arrest and fails to discuss if her Fourth Amendment right was sufficiently

clear that a reasonable officer would understand that arresting Plaintiff under §30-22-1 violated

that right.  Plaintiff has, therefore, failed to met her heavy burden of showing that Defendant

Armijo is not entitled to qualified immunity.  Consequently, Defendant Armijo is entitled to

qualified immunity as to Count I and Count I is subject to summary judgment in Defendant

Armijo's favor.

>    *2. Count II: NMTCA False Imprisonment Claim and Accompanying Respondeat*
>    *Superior Claim*

Having decided to grant summary judgment as to the federal §1983 claim in Count I, the

Court no longer has federal question jurisdiction in this case but it does have supplemental

jurisdiction over the remaining NMTCA state law claims in Count II.  *See* 28 U.S.C. §1367(a)

(federal district courts "have supplemental jurisdiction over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution."). The decision to continue to

exercise supplemental jurisdiction is within the Court's discretion.[5] *See Carnegie-Mellon*

*University v. Cohill*, 484 U.S. 343, 351 (1988); *Archuleta v. Lacuesta*, 131 F.3d 1359, 1368 n. 4

(10th Cir. 1997). Since there is no remaining federal claim, the Court declines to exercise

supplemental jurisdiction under 28 U.S.C. §1367(c)(3) (federal "district courts may decline to

exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims

over which it has original jurisdiction....") and refrains from determining whether summary

judgment should be entered with respect to the NMTCA state law claims. The Court believes

----

[5]The Court can *sua sponte* decide whether to exercise supplemental jurisdiction over a remaining state claim. *See, e.g., Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006).

that the state court is in a better position to interpret and apply the appropriate state law to resolve the state law claims. The Court, therefore, will remand all of the remaining claims, all of which sound in state law, to state court. *See Carnegie-Mellon University*, 484 U.S. at 350 n.7, 357 (recognizing that, when "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent [or supplemental] jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims" and concluding that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

IT IS ORDERED that:

1. Defendants Leonard Armijo's, and Bernalillo County's Motion for Summary Judgment (Doc. No. 35) is granted in part in that summary judgment will be entered in favor of Defendant Armijo on Count I of the Complaint; and

2. all of Plaintiff's remaining claims will be remanded to state court.

_____

SENIOR UNITED STATES DISTRICT JUDGE